UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-16-HSM-SKL-6 |
| | ) | |
| BRENDON MURPHY | ) | |

# ORDER

Before the Court is the government's motion to continue [Doc. 140] Defendant Brendon Murphy's rearraignment (change of plea) which was scheduled for September 9, 2015. For cause, the government states that due to Defendant leaving the custody of CCA Silverdale the government is investigating and considering possible additional charges. The motion further states counsel for Defendant has no objection, and joins in the request, for a continuance of the rearraignment.

The Speedy Trial Act ("the Act") requires that a defendant's trial commence within 70 days of his initial appearance. 18 U.S.C. § 3161(c)(1). That 70-day period, however, may be tolled by several events, including delays caused by a pretrial motion. *Id*. § 3161(h)(1)(D). In addition, a defendant has a right to speedy trial under the Sixth Amendment. *Barker v. Wingo*, 407 U.S. 514, 515 (1972). The constitutional inquiry requires an ad hoc balancing of the rights of the accused against society's interest in the delay. *Id*. at 530. Courts are guided in this balancing test by several factors: the reason for and the length of the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id*.

Here the delay is very short; the reasons for the delay are legitimate, and Defendant joins in the government's request for a continuance. Because these factors favor the continuance, the

motion [Doc. 140] is **GRANTED** and the rearraignment will be continued to **September 30, 2015 at 10:00 a.m. [EASTERN]**.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE